FLORES, APPELLANT, *v.* REGISTRAR OF CAGUAS, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Usufruct.

No. 588.—Decided April 30, 1924.

RECORD OF TITLE—USUFRUCT—MUNICIPAL GRANT.—A certificate of a municipal secretary to the effect that a book in his custody contains an entry showing that a certain lot belonging to the municipality had been granted in usufruct to a certain person is not sufficient for recording the usufructuary right in the registry. What should be presented to the registrar is rather a certified copy of the resolution granting the usufruct, giving the date of its adoption by competent authority.

The facts are stated in the opinion.
*Mr. A. Mena* for the appellant.
The respondent appeared by brief.

MR. JUSTICE WOLF delivered the opinion of the court.

The pertinent part of the note of the registrar is as follows:

"The foregoing instrument is recorded as to the segregation in favor of the municipality of Caguas, at folio 47, volume 93, of Caguas, property number 3584, first entry; but it is not recorded as to the usufructuary right contained therein for the following incurable defects: 1st.—Because it does not appear that the grant was made by a resolution of the Municipal Council, inasmuch as reference is made only to the registry of lots, and it does not appear that the said grant was ratified in the name of María Flores; and 2nd.—Because the municipal secretary is not authorized to determine that the grant was made valid by Act No. 40 of March 7,

1912, for the Municipal Council then and the Municipal Assembly now are the only bodies which under the law have authority to do so. A cautionary notice is entered * * * "

The appellant is of course right in maintaining that from and after the year 1912 previous concessions of usufructs were rendered valid and no specific ratification was necessary. *Sotomayor v. Registrar,* 27 P. R. R. 781. The inquiry however is not whether a concession was ratified by an act of the law, but whether the registrar had before him any competent evidence of the granting of the usufruct itself.

The evidence presented was a certificate from the secretary of the Municipality of Caguas. This merely showed that a book in the custody of the said secretary contained a record that the property concerned had been granted in usufruct. The secretary did not certify that the usufruct had been granted by any municipal assembly. The law now requires that the municipal assembly should act, and formerly it was the municipal council.

There should be a certification, as indicated by the registrar, that the body duly authorized to grant a usufruct had in fact acted. We would suggest, to save any question, that the secretary of the municipality should certify that on such and such a date the municipal council or assembly made an order and that the order be copied. The secretary, as we understand it, in regard to grants previously made, has only authority to certify to a record in his possession and cannot certify to the actual existence of a usufruct.

Of course it makes no difference that previous registrars, or the same registrar, permitted informal certificates to be presented. For the purposes of certainty a proper certificate of the actual act of the proper municipal body should be duly certified to the registrar.

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.